# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIE GARLAND, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>I.C. SYSTEM, INC., a Minnesota corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Marie Garland brings this class action complaint against Defendant I.C. System, Inc., to stop Defendant's practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant I.C. System, Inc. is debt collector working in conjunction with various companies, most notably retailers.

2. Defendant repeatedly made unsolicited telephone calls to Plaintiffs and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

467240.1

3.  Neither Plaintiff Garland, nor the other members of the proposed Class and SubClass, ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose related to a debt, nor did they provide consent to have Defendant make telephone calls to those cellular telephone numbers.

4.  By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class and SubClass actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

5.  The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6.  Plaintiff Marie Garland is a natural person who is a resident and citizen of the State of California.

7.  Defendant I.C. System, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 444 Hwy 96 East, Vadnais Heights, Minnesota, 55127. I.C. System does business throughout the United States, the State of Minnesota and in this District.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered here and transacts significant amounts of business within this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held or otherwise owned by Defendant, or held or otherwise owned by a third party on whose behalf Defendant is acting. The Plaintiff and class members never provided the number called to Defendant for any purpose related to an outstanding debt or any transaction underlying a debt. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

11. Defendant has placed calls for the purpose of alleged debt collection to thousands of consumers in the past four years.

12. The most egregious types of these calls are placed to those consumers who in fact have *no debt whatsoever* owed to Defendant or Defendant's business partners. Instead, a person may start receiving calls as the result of Defendant's skip tracing, number trapping, or other information collection methods.

13. For example, in or around the Fall of 2012, Plaintiff began to receive numerous phone calls from Defendant on her cellular telephone seeking to collect a debt

allegedly stemming from a purchase at Target. However, the debt Defendant was calling about belonged to someone other than her.

14. Plaintiff never provided her cellular telephone number to Defendant, never consented to receive telephone calls from Defendant at that cellular number, and did not provide that cellular telephone number to any third party related to Defendant or related to the alleged debt Defendant sought to collect.

15. Importantly, Plaintiff does not owe Target, or Defendant, any money.

16. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer. This technology, on information and belief, dials several numbers simultaneously and connects once somebody answers to the first available representative.

17. In fact, by Defendant's own admission, it utilizes five predictive dialer systems to place calls, as well as a "proprietary dialer accelerator."

18. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make telephone calls to her cellular telephone number, nor did Plaintiff provide Defendant with her cellular telephone number in any capacity.

19. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

20.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and the Class and Subclass defined as follows:

**No Consent Class**

Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) to a cellular telephone number; (3) on which the individual called never consented to receive telephone calls from Defendant.

**No Debt Subclass**

Any No Consent Class Member to whom Defendant placed a call in connection with the collection of a debt, and the debt is not owed by the person called.

Excluded from the Class and Subclass are the Defendant, any person who previously commenced and concluded a lawsuit against Defendant arising out of the subject matter of this lawsuit, and the Judge assigned to this case and any member of the Judge's immediate family.

21.     **Numerosity**: The exact number of Class and SubClass members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class and SubClass. Class members can be identified through Defendant's records.

22.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class and SubClass, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

23.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and SubClass, and has retained counsel competent

467240.1                                          5

and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and SubClass. Common questions for the Class and SubClass include, but are not necessarily limited to the following:

  (a) whether Defendant's conduct constitutes a violation of the TCPA;

  (b) whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  (c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

  (d) whether Defendant systematically made telephone calls to SubClass members who do not owe the debt for which the calls are made; and

  (e) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

25. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class and SubClass will likely be

relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class and SubClass to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class and SubClass)

26.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27.     Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class and SubClass without their prior express consent to receive such calls.

28.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class and SubClass simultaneously and without human intervention.

30. By making the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

31. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class and SubClass suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marie Garland, individually and on behalf of the Class and SubClass, prays for the following relief:

1. An order certifying the Class and Subclass as defined above, appointing Plaintiff Marie Garland as the representative of the Class and SubClass, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

467240.1                                 8

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class and SubClass;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated March 4, 2013                Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: /s   Robert K. Shelquist
    Robert K. Shelquist, #21310X
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone:  612-339-6900
rkshelquist@locklaw.com

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

        D. FRANK DAVIS*
        fdavis@davisnorris.com
        JOHN E. NORRIS*
        jnorris@davisnorris.com
        DAVIS & NORRIS LLP
        The Bradshaw House
        2154 Highland Avenue South
        Birmingham, AL 35205
        Telephone: (205) 930-9900

*pro hac vice* application to be filed